UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61093-BLOOM/Valle

RONALD ARCHEY,

    Plaintiff,
v.

CITY OF DEERFIELD BEACH, FLORIDA,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant City of Deerfield Beach, Florida's ("City") Motion to Dismiss, ECF No. [26] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

**I.  BACKGROUND**

Plaintiff Ronald Archey ("Archey") filed a Complaint on May 20, 2016. ECF No. [1]. After City filed its first motion to dismiss, ECF No. [12], Archey filed his Amended Complaint, ECF No. [13], which City now moves the Court to dismiss. *See* ECF No. [26]. In the Amended Complaint, Archey brings a single count against City for racial discrimination in violation of 42 U.S.C. § 1983. Archey, "an African American individual," worked for City as a non-exempt employee from December 4, 2014 through October 2, 2015. ECF No. [13] ¶ 7-8. He claims that throughout his employment, "he was subject to a pattern and practice of discriminatory treatment by Defendant's non-black agents." *Id.* ¶ 10. Archey lists a variety of discriminatory incidents in support of his claim, primarily stemming from the actions of his "director" David Santucci, a

"Caucasian male." *See id.* ¶ 11.  The alleged discrimination culminated on October 2, 2015, when City terminated Archey's employment.  *See id.* ¶ 22.  City filed the instant Motion to Dismiss the Amended Complaint on July 22, 2016.  *See* ECF No. [26].  Archey's Response, and City's Reply, timely followed.  *See* ECF Nos. [27], [28].

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).  However, this tenet does not apply to legal

conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.  DISCUSSION

City argues that the Court must dismiss the Amended Complaint because Archey fails to plead the elements required to hold a municipality liable under 42 U.S.C. § 1983, and that in any event, Archey has failed to plead facts sufficient to state a claim under § 1983. *See* ECF No. [26] at 2. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). In addition, a plaintiff that seeks to establish liability against a municipality must show that the deprivation of his federal right was attributable to the enforcement of a municipal custom or

policy. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 694 (1978); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Importantly, a municipality is not liable under § 1983 on the basis of *respondeat superior*. *See Monell*, 436 U.S. at 691; *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) ("a municipality may not be held liable under § 1983 solely because it employs a tortfeasor."). Instead, as explained by the Supreme Court, a municipality is only liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. This requires that "a plaintiff seeking to impose liability on a municipality under § 1983 . . . identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl.*, 520 U.S. at 403. Indeed, "the requirement of a municipal policy or custom constitutes an essential element of a § 1983 claim that a plaintiff must prove in order to establish municipal liability." *Buckner*, 116 F.3d at 453; *see Flowers v. Patrick*, 869 F. Supp. 2d 1331, 1334-35 (M.D. Ala. 2012) ("a plaintiff's complaint against a municipality [must] 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" (quoting *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010))). A policy or custom "can be either a written custom or policy, such as an ordinance, or an unwritten practice that is so widespread and 'so permanent and well settled as to constitute a custom or use with the force of law.'" *Flowers*, 869 F. Supp. 2d at 1334-35 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

City claims that the Amended Complaint fails to sufficiently state a claim for municipality liability under § 1983, and the Court agrees. Nowhere in the Amended Complaint

does Archey allege that City has an improper "policy" or "custom," or that the "pattern and practice of discriminatory treatment" suffered by Archey was "caused" by City's policy or custom. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl.*, 520 U.S. at 403; ECF No. [13] ¶ 10. In fact, Archey alleges that he and his fellow employees "were all asked to take sensitivity training." ECF No. [13] ¶ 21. While Archey does allege that City "fail[ed] to make prompt remedial action to prevent continued discrimination against the Plaintiff," ECF No. [13] ¶ 32, Archey must plead more than a "barebones, passing reference to a policy or custom to state a claim against a municipality." *Flowers*, 869 F. Supp. 2d at 1335; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). This, he has failed to do, and accordingly, the Amended Complaint is dismissed.

City also argues that the Amended Complaint fails to allege that the discriminatory conduct occurred under the color of state law. *See* ECF No. [26] at 7. An action under color of state law or state action requires "an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Am. Mftr. Mutual Ins., Co.*, 526 U.S. at 50 (internal quotations omitted) (emphasis in original). In this case, Archey clearly alleges that the bulk of discriminatory conduct stemmed from the actions of his "director" at City, David Santucci, and that he was terminated by City itself. ECF No. [13] ¶¶ 11, 22. Assuming that Archey can properly link the actions of his director to City such that City is liable as a municipality, the Court finds the "deprivation of a constitutional right" and "state actor" requirements of § 1983 adequately plead. *See Nelson v. Prison Health Servs., Inc.*, 991 F. Supp. 1452, 1464 (M.D. Fla. 1997) ("the Supreme Court has held that 'recovery from a municipality is

limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered.'" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986))); *see also Harvey v. Harvey*, 949 F.2d 1127, 1132 n.14 (11th Cir. 1992) ("In contrast, the individual defendants in *Burch*[1] were unquestionably state employees: all were employed by Florida State Hospital, a state-operated medical facility.") (citing *West v. Atkins*, 487 U.S. 42 (1988) (physician under contract with state to provide medical services in prison is state employee and thus state actor)).

## IV. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [26]**, is **GRANTED**.  Archey has until **August 23, 2016** to file a second amended complaint.

**DONE AND ORDERED** in Miami, Florida, this 16th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] *Burch v. Apalachee Cmty. Mental Health Servs., Inc.*, 840 F.2d 797 (11th Cir. 1988), *aff'd sub nom. Zinermon v. Burch*, 494 U.S. 113 (1990).