UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61093-BLOOM/Valle

RONALD ARCHEY,

      Plaintiff,
v.

CITY OF DEERFIELD BEACH, FLORIDA,

      Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant City of Deerfield Beach, Florida's ("City") Motion to Dismiss, ECF No. [47] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

### I. BACKGROUND[1]

Plaintiff Ronald Archey ("Archey") filed a Complaint on May 20, 2016. ECF No. [1]. After City filed its first motion to dismiss, ECF No. [12], Archey filed his Amended Complaint, ECF No. [13] ("AC"). In the Amended Complaint, Archey brought a single count against City for racial discrimination in violation of 42 U.S.C. § 1983. Archey, "an African American individual," worked for City as a non-exempt employee from December 4, 2014 through October 2, 2015. AC ¶¶ 7-8. He claimed that throughout his employment, "he was subject to a pattern and practice of discriminatory treatment by Defendant's non-black agents." *Id.* ¶ 10. Archey listed a variety of discriminatory incidents in support of his claim, primarily stemming from the

---

[1] The following is taken and adapted from the Court's prior Order on City's Motion to Dismiss, ECF No. [29], included herein for ease of reference.

actions of his "director" David Santucci ("Santucci"), a "Caucasian male." *See id*. ¶ 11. The alleged discrimination culminated on October 2, 2015, when City terminated Archey's employment. *See id.* ¶ 22.

City filed a motion to dismiss the Amended Complaint on July 22, 2016, ECF No. [26], which the Court granted. *See* ECF No. [29]. Pertinently, the Court dismissed the Amended Complaint for Archey's failure to plausibly "allege that City has an improper policy or custom, or that the pattern and practice of discriminatory treatment suffered by Archey was caused by City's policy or custom," as required to state a claim against a municipality under § 1983. *Id.* at 5. The Court granted Archey leave to file a Second Amended Complaint, which Archey did on August 23, 2016, again bringing claims under § 1983. *See* ECF No. [30] ("SAC"). City moved to dismiss the SAC, and at a hearing on October 13, 2016, the Court again granted City's motion for Archey's failure to plausibly allege a policy or custom sufficient to state a claim under § 1983 against a municipality. *See* ECF Nos. [42], [43], [46]. The Court granted Archey one last opportunity to amend his complaint, and Archey filed a Third Amended Complaint on October 27, 2016. *See* ECF No. [45] ("TAC"). City now moves to dismiss the TAC with prejudice. *See* Motion. Archey's Response, and City's Reply, timely followed. *See* ECF Nos. [50], [54].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the

four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.   DISCUSSION

In the Court's *two* prior Orders, the Court committed significant judicial resources to providing guidance on the pleading requirements of a § 1983 cause of action, the only claim alleged and defended through legal memoranda by Archey.  Apparently realizing – after three attempts – that he could not state a claim for municipal liability under § 1983 and/or § 1981, Archey has now abandoned his § 1983 claims entirely and brings claims for race discrimination in violation of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA").

Title VII[2] makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ."  42 U.S.C. § 2000e–2(a)(1).  Liability in such cases "depends on whether the protected trait actually motivated the employer's decision.'" *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015) (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)).  "A plaintiff can prove disparate treatment either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas*."  *Id.* (referring to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  Under *McDonnell Douglas*, "to prove disparate

---

[2] As both parties recognize, the Eleventh Circuit has held that "decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida Act was patterned after Title VII." *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Accordingly, the Court does not separately address Archey's FCRA claim.

4

treatment, an individual plaintiff must 'carry the initial burden' of 'establishing a *prima facie* case' of discrimination by showing '(i) that he belongs to a . . . minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.'" *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802).

"Direct evidence is evidence, which if believed, proves the existence of the fact in issue without inference or presumption." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1289 (11th Cir. 2003) (internal quotations and alterations omitted). If the alleged statement suggests, but does not prove, a discriminatory motive, it is considered circumstantial evidence, and a plaintiff must meet the *McDonnell Douglas* standard. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086-87 (11th Cir. 2004). Even in cases premised on circumstantial evidence, however, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination" to avoid dismissal. *Twombly*, 550 U.S. at 547 (alterations in original) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)); *see McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801 n.4 (11th Cir. 2014). "The methods of presenting a *prima facie* case are not fixed; they are flexible and depend to a large degree upon the employment situation." *Wilson*, 376 F.3d at 1087; *see Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) ("Although a plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a claim for disparate treatment, the ordinary rules for assessing the sufficiency of a complaint [still] apply." (footnote and internal quotations omitted)).

Reviewing the TAC under *McDonnell Douglas* and the flexible standard required to state a claim under Title VII, the Court finds Archey's TAC sufficient. Archey has alleged that he belongs to a minority (black male), the only such individual "in upper management," and that he applied and was qualified for a job for which City was seeking applicants: "Manager/Direct [sic] of Purchasing." *See* TAC ¶¶ 7, 8, 11, 15, 16, 32. Specifically, Archey pleads that despite being "promised" the position in return for his foregoing other employment opportunities, City's agents rejected him without explanation. *See id.* ¶¶ 15, 18. Archey alleges that after his rejection, Santucci, the previous Director of Purchasing who is also Caucasian, returned to the position City had promised to Archey. *See id.* Based on these "factual detail[s]" and other allegations in the TAC, the Court finds that Archey has plausibly plead a case for discrimination under Title VII. *See Swierkiewicz*, 534 U.S. at 508; *Uppal*, 482 F. App'x at 396. Archey has also made allegations that *may* constitute direct evidence of discrimination. *See* TAC ¶¶ 11-13, 19-24; *Akouri v. State of Florida Dep't of Transp.*, 408 F.3d 1338, 1348 (11th Cir. 2005). Accordingly, the Court finds that the TAC plausibly states a claim for discrimination under Title VII and the FCRA.[3]

## IV.  ATTORNEYS FEES AND COSTS

City originally moved the Court to grant it attorney's fees and costs as the prevailing party under 42 U.S.C. § 1983, but has since withdrawn the motion, stating that it "intends to re-file its Motion upon compliance with Local Rule 7.3." ECF No. [55] at 1. While the Court recognizes the City's frustration in having to devote six months' worth of time and resources to

---

[3] City also argues that the Court should dismiss the TAC for Archey's failure to plead a Title VII cause of action before the deadline to amend pleadings, but the Court granted Archey leave to amend the SAC and did not expressly limit Archey to a § 1983 cause of action. Moreover, the parties agree that Archey did not receive a Notice of Right to Sue from the Equal Employment Opportunity Commission until October 25, 2016. *See* ECF No. [50] at 2; TAC at 11; ECF No. [54] at 2 (conceding date but arguing that Plaintiff improperly failed to timely request a Notice of Right to Sue).

litigating the now-abandoned claims, it is premature to adjudicate a motion for fees and/or costs until resolution of the merits of this case.

### V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that City's Motion to Dismiss, **ECF No. [47]**, is **DENIED**. City has until **December 19, 2016** to file an Answer to the Third Amended Complaint.

**DONE AND ORDERED** in Miami, Florida, this 9th day of December, 2016.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record